UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6300-ODW (AS) | Date | October 18, 2023 |
|---|---|---|---|
| Title | Adela Guzman v. Warden | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:** **(IN CHAMBERS)** ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS MOOT

On July 31, 2023, Adela Guzman ("Petitioner"), a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1). The Petition states that Petitioner was sentenced on December 3, 2021, to three years in federal prison to be followed by three years of supervised release. (Petition at 1). Petitioner indicates that she is currently detained at Victorville Camp Federal Correctional Institution, Medium I, and her current release date is June 8, 2024. (Id.). However, Petitioner asserts that the Federal Bureau of Prisons ("BOP") has failed to give her credits to which she is entitled under the First Step Act of 2018 ("FSA"). (Id.). Petitioner maintains that if she received the FSA credits, her release date would be June 21, 2023. (Id.). She therefore asks that the BOP be ordered to apply her FSA credits to her sentence because she "should have been released on June 21, 2023." (Id.).

The BOP's Inmate Locator website indicates that Petitioner was released from federal custody on October 6, 2023. (See https://www.bop.gov/inmateloc). Thus, it appears that Petitioner has effectively received the relief sought in the pending Petition, and no further relief remains to be granted.[1]

---

[1] Even to the extent Petitioner is currently on supervised release and may seek to apply FSA credits to reduce her term of supervised release, that relief would be unavailable here. The FSA requires the BOP to transfer inmates to prerelease custody or supervised release when such inmates become eligible based on earned time credits under the Act, see 18 U.S.C. §§ 3624(g)(3), 3632(d)(4)(C), but it does not provide for a reduction of supervised release terms, and the BOP is not authorized to reduce such terms. See, e.g., Harrison v. Fed. Bureau of Prisons, 2022 WL 17093441, at *1 (S.D. Fla. Nov. 21, 2022) ("Based on the plain text of the statute [§ 3624], FSA credits cannot be used to shorten a term of supervised release. Rather, the credits can only be used to allow early transfer to supervised release."); Pillow v. Bureau of Prisons, 2022 WL 13892877, at *7 (E.D. Ark. Oct. 21, 2022) ("Once [petitioner] begins serving his supervised release, he is no longer in BOP custody, and the Court can no longer grant relief" on claim for application for earned time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6300-ODW (AS) | Date | October 18, 2023 |
|---|---|---|---|
| Title | Adela Guzman v. Warden | | |

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within twenty-one (21) days of the date of this Order (by no later than November 8, 2023), why this action should not be dismissed as moot. Petitioner may submit declarations, affidavits, or any other relevant evidence with her response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

If Petitioner no longer wishes to pursue this action, she may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that the failure to timely file a response to this Order to Show Cause and/or to show good cause may result in a recommendation that this action be dismissed as moot, for failure to comply with the Court's order, and/or for failure to prosecute.

|  | 0 | : | 0 |
|---|---|---|---|
| Initials of Preparer | | AF | |

---

credits under FSA); Puccio v. Ortiz, 2022 WL 4468599, at *1 (D.N.J. Sept. 23, 2022) ("[T]he Court can no longer grant Petitioner's request for FSA time credits, as such 'credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself.'" (quoting Scott v. Schuylkill FCI, 298 F. App'x 202, 204 (3d Cir. 2008))); Zimmer v. Marske, 2022 WL 4016623, at *1 (W.D. Wis. Sept. 2, 2022) ("[The court] cannot use the [FSA] earned-time credit that the BOP allegedly unlawfully failed to give [petitioner] before his release to reduce his term of supervised release retroactively."); see also United States v. Johnson, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").